**UNITED STATES v. ADELMAN et al.**

**No. 6511.**

United States District Court
W. D. Missouri, W. D.

Oct. 4, 1950.

Joseph E. Babka, St. Louis, Mo., for office of Housing Expediter.

Robert I. Adelman, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

The plaintiff seeks a summary judgment under the provisions of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. It is provided by said Rule 56 that a summary judgment shall be rendered "if the pleadings * * * and admissions on file * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 

An inspection of the pleadings shows that the complaint alleged that the defendants had violated the Housing and Rent Act, 50 U.S.C.A.Appendix, § 1881 et seq., by overcharging a tenant as an occupant of a housing accommodation operated by them and located at 4004 Mersington Avenue, Kansas City, Missouri; that such overcharges extended from August 14, 1948 up to and including August 14, 1950; and that the maximum legal rent fixed by the Housing Expediter was $15 per month whereas the rental charge was

$60 per month. This means that an overcharge of $45 per month for 24 months, or a total overcharge of $1,080 was made.

Each of the defendants has answered admitting the jurisdiction of the court, and then they each either deny or plead ignorance or lack of information as to other matters alleged in the complaint. The complaint was filed August 2, 1950, and the answers were filed on August 8, 1950. On August 16, 1950 plaintiff filed a request for admissions and, in doing so, counsel for the plaintiff certified "that a copy of the above document was mailed to Robert I. Adelman, 701 Rialto Building, Kansas City, Missouri, Attorney for Defendants, this 15th day of August, 1950."

No answers have been made to the requested admission of facts, and on September 19, 1950, the plaintiff filed its motion for a summary judgment.

1. It is provided by Rule 36, among other things, that: "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof * * * the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant * * *."

The defendants have failed to make any reply to the request for admissions. Under the rule such requested admissions must be treated as true, and, if true, then plaintiff is entitled to a summary judgment.

2. An inspection of the request for admissions shows that such requests follow the averments of the complaint and under the rule the averments of the complaint, therefore, stand confessed. Such was the holding in Gilbert v. General Motors Corporation, 2 Cir., 133 F.2d 997.

The Clerk of this court will notify counsel for the defendants that unless good cause be shown to the contrary, a summary judgment will be entered on Monday, October 23rd, next, at 10 o'clock a. m., or shortly after the opening of court on that day.