Joseph A. BRUST, Joseph W. Burg and Leonard Schwartz, Trustees of the Estate of Moore & Hamm, Inc., Bankrupt, Plaintiffs,

v.

INDUSTRIAL BANK OF COMMERCE, Defendants.

United States District Court
S. D. New York.

May 4, 1955.

UNITED STATES of America,
Plaintiff,

v.

PILLSBURY MILLS, Inc., Allan Q. Moore,
and Anthony C. Owens, Defendants.

Cr. No. 8633.

United States District Court
D. Minnesota, Fourth Division.
March 29, 1955.

Finke, Jacobs & Hirsch and Herman Somners, New York City, for plaintiffs.

John J. Dwyer, New York City, for defendant.

WEINFELD, District Judge.

I am not disposed to penalize the defendant for the neglect of its counsel in failing promptly to respond to the requests for admission made pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which is attributed to lack of familiarity with the Federal Rules, particularly so since I am not at all persuaded that plaintiffs will be prejudiced if they are required to accept the belatedly proferred responses. Under the circumstances, it is unnecessary to decide whether the neglect here constitutes "excusable neglect" within the meaning of Rule 6(b) of the Federal Rules of Civil Procedure.

The motion is granted and Exhibit B attached to the moving affidavit is deemed the response of the defendant to the requests for admissions with leave, however, to the plaintiff to make an application with respect thereto on the ground that the responses are not specific or do not meet the requests. The filing of the responses shall not serve as the basis for any application on the part of the defendant to postpone the trial, but plaintiffs, if they feel that the situation so requires, may request an adjournment by reason of the late service.

Settle order on one day's notice.