UNITED STATES of America, Plaintiff,

v.

James P. BROWN and Ola L. Brown, Defendants.

No. 1808.

United States District Court
W. D. Missouri, S. D.

July 12, 1962.

F. Russell Millin, U. S. Atty., by Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

M. J. Huffman, Hartville, Mo., for defendants.

DUNCAN, Chief Judge.

Plaintiff instituted this suit on August 9, 1961, to recover the sum of $6,246.60 which the plaintiff alleges represents overpayment of Class Q allotment paid to defendant, Ola L. Brown, wife of defendant, James P. Brown.

Jurisdictional requisites are satisfied under 28 U.S.C.A. § 1345.

The Complaint alleges that in 1950 the Army and Air Force became separate branches of the service, and that the Department of the Air Force began payment of Class Q allotment to Ola Brown in November, 1950, to date of retirement, March 31, 1955.

The Complaint further charges that the Department of the Army continued to pay Class Q allotment for December, 1950, at $127.50 per month to July, 1952, and $137.10 per month to October 31, 1954, thereby causing duplicate overpayment of $6,251.70, and that a credit due in the amount of $5.10 has reduced said amount to $6,246.60.

Plaintiff contends that the defendant James P. Brown was on notice that duplicate payments were being made to his wife, Ola L. Brown, having endorsed some of the checks, and, in view of the length of time involved, is jointly liable for the above indebtedness to the Government.

The Complaint states that demand was made upon defendants on September 13, 1960, for payment of said indebtedness, but the defendants have failed and refused to pay same and remain indebted to the plaintiff.

An Answer was timely filed and thereafter, on September 19, 1961, plaintiff filed a Request for Admissions pursuant to Rule 36, Fed.Rules Civ.Proc., 28 U.S. C.A. Plaintiff requested defendants to admit the truth of the following facts:

"That Ola L. Brown, wife of James P. Brown, was paid a Class Q allotment from the Department of the Army, pursuant to the authorization of James P. Brown, enlisted man service No. 16 226 077,

and that in 1950 the Army and Air Force became separate branches of the Service and the Department of the Air Force began payment of Class Q allotment to Ola Brown in November 1950 to date of retirement, March 31, 1955, and the Department of the Army also continued to pay Class Q allotment for December 1950, at $127.50 per month to July 1952, and $137.10 per month to October 31, 1954, causing a duplicate overpayment of $6,251.70, and that credit due in the amount of $5.10 has reduced the debt to the United States Government to $6,-246.60."

"Section 16 of the Act of March 2, 1899, 30 Stat. 981, as amended (10 U.S.C. 894 [now 10 U.S.C.A. § 3689]) permits Army and Air Force personnel to authorize allotments from their pay. Since this duplicate allotment was not deducted from enlisted man's pay, an overpayment was made to Ola L. Brown, and since James P. Brown was on notice that duplicate payments were being made to his wife, having endorsed some of the checks and in view of length of time involved, he is jointly liable for the debt."

Defendants have filed no responsive pleadings to plaintiff's Request for Admission of Fact, and on March 28, 1962, plaintiff filed a Motion for Summary Judgment.

Rule 36 provides in part that:

"Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested * * * (2) written objections on the ground

that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part * * *."

 Defendants have failed to reply to the Request for Admissions for a period of approximately ten months. Under Rule 36 such requested admissions must be treated as true. United States v. Adelman et al., 10 F.R.D. 417 (W.D. Mo.).

 Being true, the pleadings and admissions on file show that there is no genuine issue as to any material fact. Therefore, pursuant to Rule 56, F.R.Civ. P. 28 U.S.C.A., plaintiff's Motion for Summary Judgment should be, and is, hereby sustained.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED, that Plaintiff have and recover of and from the defendants the sum of $6,246.60, together with its costs herein expended.