Paul MOUNTCASTLE and wife, Lucy
E. Mountcastle

v.

UNITED STATES of America.

Civ. No. 3145.

United States District Court
M. D. Tennessee,
Nashville Division.

Oct. 22, 1963.

William Waller, Waller, Lansden & Dortch, Nashville, Tenn., Kenneth L. Roberts, Waller, Lansden & Dortch, Nashville, Tenn., for plaintiffs.

Kenneth Harwell, U. S. Atty., Nashville, Tenn., J. W. Watkins, III, Attorney, Civil Division, Department of Justice, Washington, D. C., for defendant.

GRAY, District Judge.

This case was heard on the plaintiffs' motion for summary judgment September 26, 1963. After hearing argument of counsel at some length, the court reserved judgment and allowed both sides fifteen (15) days in which to submit any further factual matter. The plaintiffs submitted to the defendant an additional request for admission of facts on October 4, 1963, to which the defendant submitted neither a response nor an objection within the ten (10) days specified in accordance with Rule 36, Federal Rules of Civil Procedure, and the facts are therefore deemed admitted for purposes of this motion.

The defendant concedes that the plaintiffs are entitled to a summary judgment as to all matters in the complaint except for the single item relating to the plaintiffs' loss of an investment of $5,000.00 in a franchise to sell Tucker automobiles.

■ It appears without question from the admission of facts above-mentioned that the Tucker Corporation that granted the franchise never made any automobiles for general sale, that it has been adjudged insolvent in proceedings under Chapter X of the Bankruptcy Act and that a final order for distribution of the firm's remaining assets was issued in the United States District Court for the Northern District of Illinois a few weeks after the present motion was filed. It appears by the affidavit of Paul Mountcastle and from the opinion of the United States Court of Appeals for the Seventh Circuit reported as In the Matter of Tucker Corp., 256 F.2d 808 (1958), that the plaintiffs never had any valid claim against the estate of the bankrupt corporation. It is clear, then, that the franchise in question has no present value either as a franchise to sell cars or as a claim in bankruptcy.

It remains, then, only to determine when the franchise in question became worthless for purposes of deduction on the plaintiffs' income tax returns under I.R.C.(1954) § 165(a) or I.R.C.(1939) § 23(e). The plaintiffs contend that they are entitled to the deduction either on their 1948 return or their 1949 return and are willing to accept either, although the tax consequences would vary between the two years. The defendant does not, in terms, concede that the franchise has become worthless even to the present day and therefore does not suggest an alternative year.

■ The evidence before the court indicates that the franchises never have been worth anything in reality, since the company never came close to having the capital resources necessary to manufacture automobiles on a competitive basis. Nevertheless, they had an apparent value in the market place in 1947 that permitted the company to collect several millions of dollars in cash for them. This value, however, was based on expectations only. These expectations faded rapidly in the industry in 1948. By October 4, 1949, the facts on the public record in the bankruptcy court in Chicago were such that the franchises could have had value in no market place other than the one in which confidence men operate. On that date a court order was entered permitting the trustees to terminate the corporation's lease on its assembly plant on the basis of the trustees' reports clearly showing that the company would never produce automobiles. The only reorganization contemplated was based on the operations of a wholly-owned subsidiary company which was obviously not then or likely to become a producer of completed automobiles.

■ But the defendant says franchise holders must have considered the franchises to have had some value to support their fruitless litigation of claims against the estate of the bankrupt that came to an end in 1958, citing In the Matter of Tucker Corp., 256 F.2d 808 (7th Cir. 1958). This argument overlooks three important facts about that litigation: First, the franchise holders' claims were based on contentions of fraud and lack of consideration, both of which assumed the franchises themselves were of no value. Second, any attempt to test the value of those claims in the market place prior to 1958 might well have been champertous. And, third, the court held that the terms of the franchise contract itself showed that the holders had no recourse aganst the corporation for failure to deliver automobiles.

The Tucker franchise here involved was clearly worthless at least as early as October 4, 1949. The legal conclusion necessarily follows that the plaintiffs' deduction for the loss should have been allowed in one of the two years claimed. The record is not sufficient, however, for the court to decide which of these two years would be proper. This, however, presents no problem, since the plaintiffs

have expressly agreed that the defendant may elect to allow the claim in either 1948 or 1949.

The record is likewise insufficient to determine the amount of the judgment to be rendered, regardless of the defendant's election. Accordingly, an appropriate form of judgment on the basis of this memorandum, if the parties can agree thereon, will be submitted to the court within thirty (30) days. Otherwise, the case will stand for trial limited to a determination of the amount of the judgment, based on the election to be made by the defendant.