358 F.2d 686
 William MOOSMAN, doing business as William Moosman Company,
Plaintiff-Appellee,
v.
JOSEPH P. BLITZ, INC. and Maryland Casualty Company,
Defendants-Appellants, v. AETNA INSURANCE COMPANY,
Third-Party Defendant.
 No. 276, Docket 29930.
 United States Court of Appeals Second Circuit.
 Argued March 11, 1966.
Decided March 29, 1966.
 
 Jacob D. Zeldes, Bridgeport, Conn. (David Goldstein, Elaine S. Amendola and Robert S. Cooper, Bridgeport, Conn., on the brief), for plaintiff-appellee and third party defendant.
 Leo J. McNamara, Norwich, Conn. (Allyn L. Brown, Jr., Norwich, Conn., on the brief), for defendants-appellants.
 Before SMITH, HAYS and ANDERSON, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 In action by painting subcontractor on 500 unit Capehart Act project a New London, Connecticut, against the general contractor and its surety, the United States District Court for the District of Connecticut, Edward C. McLean, District Judge, entered judgment for the plaintiff on the complaint and for the defendant to recover on the counterclaim. Both parties appeal. We find no error and affirm the judgment.
 
 
 2
 Moosman brought this action for the balance due under his contract with Blitz, for regular work at the agreed price, and for extra work, which under the contract was to be for reasonable value. The court allowed $29,595.48 of plaintiff's total. Blitz conterclaimed for $47,476.66, for breach of contract. The court allowed $2,407.66. Moosman has cross-appealed from denial of his motion for summary judgment, for increase to $40,348.87 in the judgment.
 
 
 3
 On the appeal of Blitz and its surety, the first claim is that the findings are inadequate; on the contrary, they are complete and clear. Blitz' difficulty is not with the lack of findings, but with the lack of evidence to support claimed items of its counterclaim. Of Moosman's claim, the amount due on the original contract, $19,513.41 is not in dispute. Of the extras, for which Blitz agreed to pay in accordance with the contract on a time and material basis, the amount due on items 6, 7, 8 and 9, totalling $733.95 was conceded. On items 3, 4, 5 and 11, on sufficient evidence, the court found due respectively $1,542.19,.$6,763.00, $525.58 and $517.35; an overall total including the amount due on the original contract, of $29,595.48. On the counterclaim, on items of corrective work on which Blitz kept records of cost, the court allowed $2,407.60. Nothing was allowed on a claim for damages for delay, for lack of proof that Moosman caused the delay. For other corrective work, although some was found to have been required, the award was limited to nominal damages of 6 cents, since no records were kept and no evidence presented which would allow any sort of computation of amount. Blitz can point to nothing in the record to cast doubt on this holding.
 
 
 4
 The court awarded Moosman interest from the date of suit. This was entirely proper. Under Connecticut law, here applicable, interest was recoverable even though the claim was unliquidated and the amount not fully ascertained before suit. Campbell v. Rockefeller, 134 Conn. 585, 59 A.2d 524 (1948), Bush v. Remington Rand, 213 F.2d 456, 466, 2 Cir. 1954. Since the proof did not show the date of the breach (payment of Blitz by the government) interest from the date of the action was appropriate. Venezia v. Town of Fairfield, 118 Conn. 325, 332, 172 A. 90 (1934).
 
 
 5
 The cross-appeal is for the full amount of plaintiff's claim, less the allowed counterclaim, on the ground that defendant failed to respond to a request to admit within 10 days as Rule 36 requires, so that the matter is deemed admitted. This sanction is a part of the Rule. Contrast Rule 37(c).
 
 
 6
 It appears well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive. This would follow directly from the Rule, which says that 'each of the matters of which an admission is requested shall be deemed admitted unless' the other party serves the answer within the proper time. Here defendant replied, but too late. The District Court could have granted summary judgment on the claim, as the request to admit is conprehensive. Gilbert v. General Motors Corp., 133 F.2d 997 (2 Cir.), cert. den. 319 U.S. 743, 63 S.Ct. 1031, 87 L.Ed. 1700 (1943); Rule 56(c); O'Campo v. Hardisty, 262 F.2d 621 (9 Cir. 1958); contrast Woods v. Robb, 171 F.2d 539 (5 Cir. 1948).
 
 
 7
 But the District Court is not required to do so. Under compelling circumstances the District Court may allow untimely replies to avoid the admission. See Bowers v. E. J. Rose Co., 149 F.2d 612 (9 Cir. 1945); Countee v. United States, 112 F.2d 447 (7 Cir. 1940); and Brust v. Industrial Bank of Commerce, 18 F.R.D. 90 (S.D.N.Y.1955), all cited in Finman, Request for Admissions, 71 Yale L.J. 371, 433 note 238 (1962). Finman contends that the admission in the case of an untimely reply should not be automatic. 238-9. Finman, however, also submits that there should be limits and we agree. We would impose such limits when the delay has prejudiced the other party. Since the purpose of Rule 36 is to expedite trial by removing uncontested issues and no delay was caused here, there is no sufficient reason to force the District Court to grant summary judgment here where no prejudice is shown.
 
 
 8
 The judgment is affirmed.