The **PLEASANT HILL BANK**,
Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

Civ. A. No. 20268-2.

United States District Court,
W. D. Missouri, W. D.

Aug. 9, 1973.

See also, D.C., 58 F.R.D. 97.

**2**

Leon G. Kusnetzky, Kusnetzky & Partin, Kansas City, Mo., for plaintiff.

J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT LEAVE TO FILE ANSWERS OUT OF TIME TO PLAINTIFF'S REQUEST FOR ADMISSIONS

COLLINSON, District Judge.

This is an action for conversion of certain furnishings and equipment used in the operation of a nursing home. The action is maintained under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1970). Plaintiff has moved for summary judgment. The motion will be denied.

On September 25, 1972, plaintiff served and filed a comprehensive request for admissions. The Court allowed defendant until October 25, 1972, to respond. Defendant's response was not filed until February 9, 1973.

On December 1, 1972, the parties filed a proposed Standard Pretrial Order No. 2 for the Court's consideration. Part VI of the proposed order listed six issues of fact that remained to be litigated at trial. On December 22, 1972, three weeks after filing the proposed order, plaintiff moved for summary judgment. Plaintiff's motion is accompanied by a lengthy paper entitled "Summary of Admitted Facts," delineating 40 allegedly admitted facts. This summary is based in large part on plaintiff's request for admissions of September 25. That request, of course, was still unanswered on December 22.

On February 9, 1973, defendant filed its suggestions in opposition to plaintiff's motion and answers to plaintiff's request for admissions. Defendant requests the Court for leave to file the answers out of time. Leave to do so will be granted.

■ Rule 36(a), Fed.R.Civ.P., provides that unanswered requests are admitted, United States v. Brown, 31 F.R.D. 185, 187 (W.D.Mo.1962); United States v. Adelman, 10 F.R.D. 417 (W.D. Mo.1950); and it is well settled that a failure to respond to a request for admissions will permit the district court to enter summary judgment if the facts admitted by operation of Rule 36(a) are dispositive of the case, Moosman v. Blitz, Inc., 358 F.2d 686, 688 (2d Cir. 1966); In re Mack, 330 F.Supp. 737, 738 (S.D.Tex.1970); Mahaney v. Doering, 260 F.Supp. 1006, 1007 (E.D.Pa. 1966); Mountcastle v. United States, 226 F.Supp. 706 (M.D.Tenn.1963); United States v. Brown, 31 F.R.D. 185 (W.D.Mo.1962).

Although summary judgment could be granted in plaintiff's favor from the "Summary of Admitted Facts," the Court is not required to do so. The courts and commentators have suggested that limits are inherent in the operation of Rule 36(a) where untimely answers are offered. The Court of Appeals for the Second Circuit espouses the following standard:

Under compelling circumstances the District Court may allow untimely replies to avoid the admission. . . .

Since the purpose of Rule 36 is to expedite trial by removing uncontested issues and no delay was caused here, there is no sufficient reason to force the District Court to grant summary judgment here where no prejudice is shown.

Moosman v. Blitz, Inc., 358 F.2d 686, 688 (2d Cir. 1966); *accord*, French v. United States, 416 F.2d 1149, 1152 (9th Cir. 1968); *see* Brust v. Industrial Bank of Commerce, 18 F.R.D. 90 (S.D.N.Y. 1955). Professor Charles Wright has suggested a similar standard:

> The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer. Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(2) for enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.

8 Wright, Federal Practice and Procedure § 2257, at 719–20 (1970) (footnotes omitted). Professor Ted Finman followed Wright's reasoning:

> A problem similar to those discussed above arises if an answer to a request is not served within the proper time. Under a literal reading of Rule 36, late service results in an admission. Here, too, the admission should not be automatic. If it were, unjustified suppression of the merits might result. However, since a mat-

ter is deemed admitted if no response is made to the request, and since the requesting party should be entitled to rely on such admissions, there must be limits on the right to file a late reply. *If a litigant is allowed to file a late reply, he in effect is being permitted to withdraw an admission. Consequently late filing should not be permitted if it would prejudice the requesting party.*

Finman, The Request For Admissions In Federal Civil Procedure, 71 Yale L.J. 371, 432–33 (1962).

■ The Court agrees completely with Professors Wright and Finman. To allow a late filing of answers is the equivalent of allowing a party to withdraw admissions made by operation of Rule 36(a). Therefore, the Court adopts the test for permitting withdrawal of an admission announced in Rule 36(b) as the standard to determine whether late filing of answers should be permitted here:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

■ First, to permit defendant to effectively withdraw its admissions by filing untimely answers would subserve the presentation of the merits of the action. This is demonstrated by reference to a key fact issue: whether defendant sold the furnishings and equipment secured by plaintiff's security agreement with the nursing home. Paragraph 18 of plaintiff's "Request for Admissions" covers this issue: "On August 10, 1971, all the furnishings and equipment located in the Jon Lynne Townhouse were sold by Lonell Johnson, as Trustee and Agent for defendant. . . ." Defendant, however, in its answers to

plaintiff's requested admissions denies that all the furnishings and equipment were sold. If we disallow defendant's request to file its untimely answers, the fact of sale would stand admitted. This would produce an "unjustified suppression of the merits," a result which we find unacceptable.

Secondly, if plaintiff would be prejudiced by permitting filing of the untimely answers, the Court would find it appropriate to accept the suppression of the merits of the action. Plaintiff, however, has not satisfied the Court that prejudice will result. The only suggestion of prejudice is the following:

> Substantial prejudice would result to plaintiff because throughout plaintiff's discovery efforts it has never been able to get full factual disclosures in depositions. The testimony of each government employee has one or more areas in which he claims ignorance of essential fact questions. To combat this lack of knowledge plaintiff tendered its Request for Admissions which were drawn as carefully as possible to establish the apparent facts. To permit defendant to now negate these admissions would be obviously inequitable.

If anything, plaintiff's suggestion indicates that it would be to plaintiff's advantage to permit the late filing of defendant's answers. Furthermore, plaintiff has been aware at least since December 1, 1972, that several fact issues were disputed by defendant. This is evidenced by the proposed Standard Pretrial Order No. 2 signed by the attorneys for both parties. Continuing to use the same fact issue for purposes of illustration, the proposed order listed the following as one of six fact issues to be litigated: "Did Defendant sell the furnishings and equipment on August 10, 1971?" Plaintiff, therefore, long has been aware that formal proof on this issue would be necessary at trial. It cannot be said, then, that plaintiff will be prejudiced in the maintenance of its action by allowing untimely filing of defendant's answers.

 With defendant's answers to plaintiff's request for admissions now of record, there are numerous fact issues in dispute. The action, therefore, may not be disposed of on plaintiff's motion for summary judgment and the motion will be denied.[1]

It is therefore

---

1. Defendant suggests in its brief in opposition to plaintiff's motion for summary judgment that plaintiff's request for admissions are objectionable because "they go to central facts in dispute, facts upon which the case will turn." Since defendant has answered the request, this objection has been waived. Nevertheless, the Court will offer brief comment.

Defendant relies on Pickens v. Equitable Life Assurance Society, 413 F.2d 1390, 1393 (5th Cir. 1969):

> Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. . . . Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule.

This Court believes that the better rule is to allow requests to go to all the fact issues in an action:

> Some courts and commentators have said that Rule 36 is not intended to be used to cover the entire case and every item of evidence. There is no basis in the rule for these comments and no discernible reason for such a limitation. The statements to this effect do not rise above the level of dicta, and they were uttered in cases in which the requests were objectionable on other grounds, usually because they were prolix and unclear. Thus the sounder perception is that of a commentator who says: "It is appropriate, therefore, to note that a party who wishes to cover the entire case should proceed with care. There should be no question, however, concerning his right to proceed."

8 Wright, Federal Practice and Procedure § 2251, at 710 (1970) (footnotes omitted), quoting Finman, The Request For Admissions In Federal Civil Procedure, 71 Yale L.J. 371, 402–404 (1962).

Ordered that defendant be, and hereby is, granted leave to file its answers to plaintiff's request for admissions; and it is

Ordered that plaintiff's motion for summary judgment be, and hereby is, denied.