**In re BELL & BECKWITH, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**Robert FOX, Defendant.**

**Bankruptcy No. 84–0051.**
**Related Case: 83–0132.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 22, 1985.

Fuller & Henry, Toledo, Ohio, for plaintiff.

John Czarnecki, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment filed by the Plaintiff in the above entitled adversary action. Although the Plaintiff has served the Defendant with this Motion and the arguments offered in support thereof, the Defendant has not filed any response or opposition. The Court has reviewed the Motion as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion for Summary Judgment should be GRANTED.

## FACTS

The Plaintiff in this case is the Trustee for the liquidation of the Debtor-brokerage pursuant to the provisions of 15 U.S.C. § 78 aaa *et seq.* As stated in the Complaint, on or about March 15, 1979, the managing partner of the brokerage, Edward P. Wolfram, Jr., made the first of what was to become a series of loans to the Defendant. These loans were made from either brokerage accounts or accounts which belonged to Wolfram. The terms of these loans were never reduced to writing. The loans were made at irregular intervals and in varying amounts. The last of these loans appears to have been made on or about January 31, 1983. Although the Defendant repaid part of his indebtedness, at the time the brokerage was ordered closed there remained an outstanding balance of approximately One Hundred Forty-three Thousand Seven Hundred Fifty and no/100 Dollars ($143,750.00).

At the time the brokerage was ordered into liquidation, Wolfram assigned all of his assets, including causes of action, to the brokerage which, in turn, assigned its rights to the Trustee for the benefit of the Debtor's creditors. The Trustee has filed this action in an effort to collect on the obligations owed by the Defendant to both Wolfram and the Debtor. In his answer to the Complaint the Defendant admitted that sums of money were transferred to him by Wolfram; however, he substantially denied all other allegations in the Complaint. Subsequent to the filing of the Answer, the Trustee submitted requests for admission of certain details regarding the loans made by Wolfram to the Defendant. Included in

this discovery proceeding were requests to admit that the money was loaned to the Defendant, that the loans were only partially repaid, and that the Defendant owes to the Trustee the outstanding balances. Neither answers or objections were ever filed in response to these requests for admission.

In addition to the requests for admission, the Trustee took the deposition of the Defendant. At that proceeding, the Defendant testified that he owes approximately Ninety-two Thousand and no/100 Dollars ($92,000.00) on the debt to Wolfram, and approximately Forty Thousand and no/100 Dollars ($40,000.00) on the debt to the brokerage. He further testified that the intent of the parties at the time the loans were made was that the loans were to be repaid whenever the Defendant was able to do so.

Relying on the evidence which has already become part of the record in this case, the Trustee has moved this Court for Summary Judgment. In that Motion, he asserts that because of the facts admitted by the Defendant, both at the deposition and in the requests for admission, there is no dispute as to any material fact and that he is entitled to judgment as a matter of law. The Motion for Summary Judgment is unopposed. It should also be pointed out that the Motion only moves this Court for judgment in the amount of One Hundred Thirty-two Thousand and no/100 Dollars ($132,000.00), the amount admitted to be owing by the Defendant at the deposition.

## LAW

■ Federal Rule of Civil Procedure 36, as made applicable by Bankruptcy Rule 7036, states in pertinent part:

"(a) Request for Admission. A party may serve upon any other party a written request for the admission ... of the truth of any matters ... set forth in the request that relate to statements or opinions of fact ...

The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney ..."

Under this rule, when requests for admission are not answered within the prescribed time, the facts stated in the requests are deemed to be true and may be used as the basis for summary judgment. *United States v. Brown*, 31 F.R.D. 185 (W.D.Mo. 1962), *Donovan v. Porter*, 584 F.Supp. 202 (D.Md.1984).

■ As previously indicated, the Trustee's requests for admission have not been answered. Accordingly, the facts set forth therein are deemed to be true. Those facts reflect that funds were transferred to the Defendant from both Wolfram and the brokerage, and that these transfers have not been repaid in full. Although the precise terms of these transfers are unclear, it is apparent from the deposition testimony, the admissions, and the fact that some of the money was repaid, that the intent of the parties at the time of the transfers was that these transactions created obligations which the Defendant would have to repay. The facts also reflect that these obligations remain unsatisfied in the amount of approximately One Hundred Forty-three Thousand Seven Hundred Fifty and no/100 Dollars ($143,750.00). Therefore, as a result of Wolfram's assignments, it must be concluded that there is an outstanding obligation owed by the Defendant to the Trustee.

The only remaining question is whether or not this obligation is presently due and owing. This inquiry is necessary, inasmuch as a cause of action to recover a loan does not arise until the loan becomes due under the terms of the contract. In the present case, the terms of these transactions were never reduced to writing. However, according to testimony, the parties intended that the loans be repaid whenever the Defendant was able to do so. No specific maturity date was ever established.

If this loan had been evidenced by a negotiable instrument, and if no maturity date appeared on the fact of that instru-

ment, the debt would be payable on demand. *See*, Ohio Revised Code § 1303.07. The requirement that an instrument have a specific maturity date or that it be payable on demand is apparently intended to establish an event upon which the obligee can expect fulfillment of the obligation. If there were no such requirement, an obligor could interminably forestall ever having to satisfy the obligation. In the present case, if the loans were allowed to remain outstanding until the Defendant determined that he was able to repay them, it is possible that such a determination might never be made. In view of the purpose which underlies the rule in the case of an undated instrument, there does not appear to be any reason why the Court should not apply that rule in the present situation. To hold otherwise would effectively deny an oral contract lender any means to collect on an obligation for which no due date was established. Therefore, it must be concluded that the loans received by the Defendant were payable on demand, and that the Trustee, having made a proper demand, is presently entitled to collect. Accordingly, it must also be concluded that there is no dispute as to any material fact in this case, and that the existence of these facts entitles the Trustee to judgment on the Complaint.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Trustee's Motion for Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that Judgment be, and is hereby, entered for the Trustee in the amount of One Hundred Thirty-two Thousand and no/100 Dollars ($132,000.00).