In re **HARTWIG POULTRY, INC., Debtor.**

**HARTWIG POULTRY, INC., Plaintiff,**

v.

**AMERICAN EAGLE POULTRY, et al., Defendants.**

No. 84–0212.
Related Case: 82–02227.

United States Bankruptcy Court, N.D. Ohio, W.D.

July 24, 1985.

John J. Hunter, Toledo, Ohio, for plaintiff.

Robert C. Litwack, Vineland, N.J., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Summary Judgment filed by the Plaintiff against the Defendant, Davis Cleaver Foods, Inc., (hereinafter Davis Cleaver). Although Davis Cleaver has filed an Answer in this adversary proceeding, it has not responded to the Motion for Summary Judgment. The Court has reviewed the Motion as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion for Summary Judgment should be DENIED.

## FACTS

The Debtor-In-Possession filed its voluntary Chapter 11 proceeding on October 19, 1982. In an effort to collect assets for the estate, the Debtor-In-Possession filed this action against numerous defendants, including Davis Cleaver. The Complaint, as against Davis Cleaver, alleges a cause of action to recover a preference pursuant to 11 U.S.C. Section 547. Subsequent to the filing of the Complaint, the Plaintiff submitted to Davis Cleaver a request for admission of certain facts surrounding the alleged preference. As set forth in both the Complaint and the request for admissions, Davis Cleaver delivered goods to the Plaintiff on or about June 8, 1982. An invoice payable in the amount of One Thousand Two Hundred and no/100 Dollars ($1,200.00) was submitted to the Debtor-In-Possession at that time. On August 9, 1982, the Debtor-In-Possession issued a check to Davis Cleaver in the amount of One Thousand Two Hundred and no/100 Dollars ($1,200.00). Although the Answer filed by Davis Cleaver generally denied the allegations set forth in the Complaint, the request for admissions was never answered.

## LAW

The provisions of 11 U.S.C. Section 547 state in pertinent part:

"(b) ... the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

Under these provisions, a trustee or a debtor-in-possession, *see*, 11 U.S.C. Section 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7 proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon)*, 34 B.R. 626 (Bkcy.D.Kan. 1983).

■ Federal Rule of Civil Procedure 36, as made applicable by Bankruptcy Rule 7036, states in pertinent part:

"(a) Request for Admission. A party may serve upon any other party a written request for the admission ... of the truth of any matters ... set forth in the request that relate to statements or opinions of fact ...

The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney ..."

Under this rule, when requests for admissions are not answered within the prescribed time, the facts stated in the requests are deemed to be true and may be used as the basis for summary judgment. *United States v. Brown*, 31 F.R.D. 185 (W.D.Mo.1962), *Donovan v. Porter*, 584 F.Supp. 202 (D.Md.1984).

A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See*, Bankruptcy Rule 7056, Federal Rules of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See, Chalmers v. Benson (In re Benson)*, 33 B.R. 572 (Bkcy.N.D.

Ohio 1983), *Simmons v. Landon (In re Landon)*, 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

In the present case, the Plaintiff submitted to Davis Cleaver a request for admission of certain facts regarding the payment on account. This request was not responded to by Davis Cleaver. Under the operation of the Federal Rules of Civil Procedure, the facts set forth in the Plaintiff's request are then deemed to be true. A review of those facts finds that the Debtor-In-Possession transferred to Davis Cleaver One Thousand Two Hundred and no/100 Dollars ($1,200.00). Such a transfer constitutes the payment of an antecedent debt, inasmuch as the debt arose approximately two (2) months prior to the payment. The facts also illustrate that the payment was received within the ninety day period which preceded the filing of the Debtor-In-Possession's petition. Furthermore, the Debtor-In-Possession is presumed to have been insolvent within that ninety (90) day period. *See*, 11 U.S.C. Section 547(f). Therefore, it must be concluded that the Debtor-In-Possession has established four of the elements which are required to be shown in an action brought under 11 U.S.C. Section 547.

■ However, as previously indicated, a plaintiff must prove all elements in order to prevail in an action. A further review of the facts finds that there has been no showing that Davis Cleaver, as a result of the payment in question, received more than would have been received in a liquidation of the Debtor-In-Possession under Chapter 7. The Court has examined this adversary case with respect to other similarly situated defendants and has been unable to find evidence sufficient to support this element. Although the Court is cognizant of the status of this Chapter 11 case, it cannot hold that this final element of the preference provision has been fulfilled. There must be an independent and admissible showing that the transferee received more than would have been received had the debtor been liquidated. Without such evidence a plaintiff cannot prevail in an action to recover preferential transfers.

Accordingly, it must be concluded that the Debtor-In-Possession has failed to demonstrate all the elements of a preference, and that it is not entitled to judgment as a matter of law.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion for Summary Judgment against Davis Cleaver Foods, Inc. be, and is hereby, DENIED.

It is FURTHER ORDERED that a Pre-Trial conference in this case, as between these parties, be, and is hereby, set for Tuesday, August 20, 1985, at 1:30 o'clock P.M., in Courtroom No. 2, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.