**In re Robert L. STEVENS, Debtor.**

**RLI Insurance Company, Plaintiff,**

v.

**Robert L. Stevens, Defendant.**

**Bankruptcy No. 03–43152–659.
Adversary No. 03–4628–659.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 23, 2005.

Leslie A. Davis, St. Louis, MO, Chapter 7 Trustee.

John W. Rourke, Reinert & Rourke, P.C., Aaron G. Weishaar, Nicholas J. Garzia, St. Louis, MO, for RLI Insurance Company.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATHY ANN SURRATT–STATES, Bankruptcy Judge.

The matters before the Court are Plaintiff's Complaint for Determination of Dischargeability of Debt, Motion for Summary Judgment, Memorandum in Support of Plaintiff's Motion for Summary Judgment, and Reply to Defendant's Purported Narrative Response to Plaintiff's Motion for Summary Judgment, and Motion to Strike Portions of Defendant's Purported Response. Defendant filed an Answer to the Complaint and on January 20, 2004 filed what Plaintiff has denoted as Defendant's Purported Narrative Response to Plaintiff's Motion for Summary Judgment. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Robert L. Stevens ("Debtor") served as the Personal Representative of the Estate of Elizabeth Louis (the "Louis Estate"), which was administered in the Probate Division of the St. Louis County Circuit Court. Plaintiff RLI Insurance Company

("RLI") issued Corporate Surety Bond No. RSB507347 (the "Bond")[1] to the Louis Estate on March 29, 1999. Debtor applied as surety under the Bond with RLI to secure the faithful performance of his duties as Personal Representative for the Louis Estate on April 27, 1999. In consideration for RLI's issuance and execution of the Bond, Debtor signed a written bond application on April 27, 1999, which included the following indemnity clause, which required Debtor:

> 3) [t]o hold harmless and indemnify Surety from any and all liability, damages, loss, costs, and expenses of every kind, including attorneys fees, which may be sustained or incurred arising out of execution, enforcement, procurement of release, or other action involving the application and/or issuance of the bond.

Debtor was thereafter removed as Personal Representative of the Louis Estate for defalcation and breach of his fiduciary duties on September 25, 2000. As a direct and proximate result of Debtor's dereliction and defalcation in the performance of his duties as Personal Representative of the Estate, the Probate Division of the St. Louis County Circuit Court entered Order Determining Liability of Defaulting Fiduciary and Judgment (the "First Judgment") on October 31, 2001, against Debtor and RLI, as his surety, in the amount of $5,000.00.

RLI made a demand for exoneration and indemnity against Debtor to no avail. Debtor therefore breached his obligations under the bond and under the indemnification agreement. RLI filed a Petition for Indemnity and Exoneration in the Circuit Court for St. Louis County, Missouri, against Debtor on October 11, 2001. RLI thereafter made payment to Thomas S. Arras, Public Administrator and Successor Conservator for the Estate, in Satisfaction of the First Judgment on December 13, 2001. Debtor was adjudged to be in default and an Order of Default and Default Judgment (the "Second Judgment" or "Debt") was entered in favor of RLI and against Debtor in the amount of $19,059.57 on March 14, 2002.

On March 12, 2003, Debtor filed for relief under Chapter 7 of the Bankruptcy Code. RLI thereafter filed a Complaint in this Court to declare the Second Judgment nondischargeable and argues that the Debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4) because said Debt arose from the dereliction and defalcation of Debtor as Personal Representative of the Louis Estate. RLI served Debtor with a First Request of Admissions Directed to Debtor (the "First Request") on September 16, 2003. RLI also served Debtor with a First Request of Admissions Directed to Debtor (the "Second Request") on October 17, 2003. Debtor failed to respond to either the First or Second Request. RLI thereafter filed its Motion for Summary Judgment in this Court to declare the Debt nondischargeable pursuant FED. R. BANKR. P. 7036(a). The Court addresses this matter below.

**JURISDICTION**

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

**CONCLUSIONS OF LAW**

■ The main issue before the Court is whether summary judgment is appropriate

---

1. Pl.'s Ex. B.

under the facts of this case. "Summary judgment is 'proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.'" *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir.2000) (citing *Floyd v. Missouri Dep't of Soc. Serv.*, 188 F.3d 932, 936 (8th Cir.1999)).

However, "[s]ummary judgment shall not be granted unless the Court determines that there is no genuine issue of a material fact to be tried and therefore the moving party is entitled to judgment as a matter of law." "The burden is upon the moving party to clearly establish the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[A] material fact is [genuine] . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212 (1986).

"The movant can meet its burden for summary judgment by showing that little or no evidence may be found to support the non-movant's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Once a movant has determined that no material facts are in dispute, the non-movant must set forth facts indicating a genuine issue for trial exists in order to avoid granting of summary judgment." *See Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) (citing *Western World Ins. Co. v. Stack Oil Inc.*, 922 F.2d 118, 121 (2nd Cir.1990)).

RLI argues that Debtor failed to comply with Fed. R. Bankr. P. 7036(a) in that Debtor failed to file an answer to Plaintiff's request for admission, and thus, there is no issue of material fact. Pursuant to Fed. R. Bankr. P. 7036(a), "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . [t]he matter is admitted unless, within 30 days after service of the request. . .the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . ." Fed. R. Bankr. P. 7036(a) (2003). "Any matter admitted under this rule is conclusively established. . ." Fed. · R. Bankr. P. 7036(b) (2003).

■■ "Facts stated in the unanswered requests for admission are deemed to be true and, therefore binding on the Debtor." *In re Jordan*, 47 B.R. 712, 715 (Bankr.N.D.Ohio 1985). "When requests for admission are not answered within the proscribed time, the facts stated in the requests are deemed true and may be used as the basis for summary judgment." *In re Bell & Beckwith*, 50 B.R. 419, 421 (Bankr.N.D.Ohio 1985) (citing *United States v. Brown*, 31 F.R.D. 185 (W.D.Mo. 1962)).

Here, RLI served Debtor with a First and Second Request. On each occasion, Debtor failed to respond to either the First or Second Request by serving RLI with a written answer or objection within thirty (30) days as required by Rule 7036(a). Furthermore, Debtor, by his own admission, states that he had no intention of responding to RLI's requests for admission in Defendant's Purported Narrative Response to Plaintiff's Motion for Summary Judgment filed on January 20, 2004. Debtor failed to comply with Fed. R. Bankr. P. 7036(a) and the statements of fact and conclusions of law set forth in the

First and Second Request are deemed admitted and conclusively established. Summary judgment is therefore appropriate under the circumstances since there is no genuine issue of a material fact.

The remaining issue to be determined is whether the evidence, when presented in a light most favorable to Debtor, entitles Plaintiff to judgment as a matter of law. Plaintiff argues that the Debt is nondischargeable under 11 U.S.C. § 523(a)(2) and (4) because said Debt arose from the dereliction and defalcation of Debtor as Personal Representative of the Louis Estate. Looking first to § 523(a)(2), which provides that a discharge will be denied for a debt

for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insiders financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonable relied; and

(iv) that the debtor caused to be made or published with intent deceive

11 U.S.C. § 523(a)(2) (2003).

This section refers to a debt obtained by false pretenses or false representations made either orally or in writing by a debtor. In the case before the Court there are no allegations that the Debtor made any such false representations. Therefore, Plaintiff is not entitled to summary judgment under 11 U.S.C. § 523(a)(2).

■ Plaintiff also plead that the Debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(4), which excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4) (2003). Here, Plaintiff obtained the Second Judgment, which stated that the Debt was the result of Debtor's defalcation while acting in the fiduciary capacity of Personal Representative of the Louis Estate. Therefore, the Debt is for defalcation while acting in a fiduciary capacity. Consequently, Plaintiff is entitled to judgment as a matter of law as to the nondischargeability of the Debt pursuant to 11 U.S.C. § 523(a)(4). By separate order, Plaintiff's Motion for Summary Judgment will be granted in part.

### *ORDER*

Upon consideration of the record as a whole, and consistent with the Findings of Fact and Conclusions of Law entered separately in this matter,

**IT IS ORDERED THAT** Plaintiff's Motion for Summary Judgment is GRANTED IN PART; and

The judgment on this Complaint is entered in favor of RLI Insurance Company, Plaintiff, and against Robert L. Stevens, Defendant; and that the debt owed by Defendant to Plaintiff in the amount of $19,059.47 is NOT DISCHARGED in this Bankruptcy Case pursuant to 11 U.S.C. § 523(a)(4); and this is the final judgment and order of the Bankruptcy Court in this case.