# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1226

_____

Robert T. Quasius,             *
                         *
        Appellant,      *
                         *    Appeal from the United States
    v.                  *    District Court for the
                         *    District of Minnesota.
Schwan Food Company; Schwan's  *
Global Supply Chain, Inc., a division  *
of The Schwan Food Company,     *
                         *
        Appellees.      *

_____

Submitted: October 20, 2009
Filed: March 5, 2010

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Robert T. Quasius appeals the decision of the district court[1] granting summary judgment for The Schwan Food Company and Schwan's Global Supply Chain, Inc., (collectively, "Schwan") in his employment discrimination action against the company. The court based its decision on material facts that it deemed admitted by Quasius under Federal Rule of Civil Procedure 36. Because the court's application

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

of Rule 36 did not constitute an abuse of discretion, and Quasius concedes that the admissions were sufficient to warrant summary judgment for Schwan, we affirm.

I.

Quasius worked as a packaging engineering manager for Schwan from June 2004 until his termination in March 2006. On February 28, 2008, Quasius commenced an action in district court against Schwan, alleging disability discrimination and retaliation for protected activity under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01-.41. Quasius claimed that Schwan discriminated against him because of his asthma condition and terminated him in retaliation for his complaints about the discrimination.

On August 8, 2008, Schwan served on Quasius several discovery requests, including twelve requests for admission pursuant to Rule 36. Two of these requests bore directly on the ultimate question of Schwan's liability. In particular, Request for Admission Number 5 stated: "Admit that you have no specific knowledge of any specific incidents(s) [sic] in which you were discriminated against because of your claimed disability by any employee of either Defendant during the course of your employment with Global Supply." Request for Admission Number 6 used identical language but substituted the word "retaliated" for "discriminated."

Shortly after serving these requests for admission, on August 13, 2008, Schwan served and filed a motion to dismiss the action or, alternatively, for summary judgment. On September 11, 2008, allowing three days for service by mail, the thirty-day period for Quasius to respond to the requests for admission under Rule 36(a)(3) expired without a response. On September 22, 2008, in a reply memorandum supporting its August 13 motion, Schwan notified the district court of Quasius's

failure to respond to the requests for admission, and presented the admissions as additional support for a grant of summary judgment.

At a hearing on October 10, 2008, Quasius's counsel stated that she had overlooked the requests for admission amidst the other discovery requests. The district court asked if there were any motions pending with respect to the requests for admission, and counsel for Quasius responded that there were not. That same day, Quasius served responses to the requests on Schwan, denying the requests numbered 5 and 6, but he did not file anything with the court.

In an Order dated November 14, 2008, the district court dismissed as time-barred Quasius's MHRA claims and dismissed those ADA claims based on discrete acts occurring before September 17, 2005. The court declined, however, to grant summary judgment based on Quasius's admissions. Instead, the court gave Quasius thirty days, or until December 15, 2008, to file a motion to amend or withdraw his admissions.

The December 15 deadline passed without a motion by Quasius. On December 16, 2008, Schwan filed a letter with the court seeking summary judgment based on Quasius's admissions that he had no knowledge of specific incidents in which Schwan discriminated or retaliated against Quasius because of his disability. Quasius made no response to this letter.

In an order filed on December 23, 2008, the district court granted summary judgment for Schwan. The court reasoned that under Rule 36(a)(3), the matters set forth in the requests numbered 5 and 6 were admitted when Quasius failed to respond within thirty days of service. The court then concluded that Quasius's failure to amend or withdraw his admissions by motion "conclusively established" that he lacked knowledge of any incidents of discrimination or retaliation, and that summary judgment in favor of Schwan was proper.

On December 24, 2008, Quasius requested by letter that the district court reconsider its order and included his responses to the requests for admissions. Quasius's counsel stated that she had been traveling and ill and had not seen Schwan's December 16 letter before the court's grant of summary judgment. Counsel also indicated that her client had not filed a motion to withdraw the admissions in accordance with the court's November 14 Order because she believed that the admissions were already withdrawn by Quasius's October 10 service of his responses on Schwan. The district court denied the request for reconsideration on January 15, 2009.

## II.

Quasius appeals the district court's grant of summary judgment based on his admissions. While acknowledging that admissions to the matters specified in the disputed requests for admission "fully barred all claims," Quasius argues that the district court should not have considered those matters admitted without further analysis under Rule 36(b). We review the district court's application of Rule 36 for abuse of discretion. *See FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994).

Rule 36 provides that a party, within the permissible scope of discovery under the rules of civil procedure, may serve on any other party a written request to admit the truth of any matters relating to, *inter alia*, facts or the application of law to fact. "A matter is admitted" unless the party to whom the request is directed serves a written answer or objection within thirty days, or such shorter or longer period as may be ordered by the court. Fed. R. Civ. P. 36(a)(3). When a matter is admitted, it is "conclusively established" for purposes of the action, "unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). If facts that are admitted under Rule 36 are "dispositive" of the case, then it is proper for the district court to grant summary judgment. *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d

686, 688 (2d Cir. 1966); *see also Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 2 (W.D. Mo. 1973) (listing illustrative cases).

After Schwan served its requests for admission, Quasius never asked the court to adjust the normal time for response under Rule 36(a)(3), and Quasius failed to respond within the thirty days specified in the rule. Consequently, the matters specified in Schwan's requests of August 8 were "admitted" and "conclusively established" after September 11, 2008. At that point, the proper procedure for Quasius to "withdraw or amend" the admissions was to file a motion with the court pursuant to Rule 36(b). *See United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). That section provides that the court may permit withdrawal or amendment if it would "promote the presentation of the merits of the action" and not "prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Even after the district court inquired on October 10 whether there were any motions pending with respect to the admissions, Quasius did not take advantage of the procedure under Rule 36(b) for withdrawing or amending admissions. Nevertheless, on November 14, rather than resolve the case against Quasius based on the admissions, the district court afforded Quasius a further opportunity to withdraw or amend, instructing Quasius to "make such a motion before the magistrate judge within 30 days of this order." Quasius still filed nothing with the court before the December 15 deadline, and the court proceeded to grant summary judgment.

Relying on *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983), Quasius contends that he was not required to file a motion with the district court to withdraw his admissions, because his untimely service of responses on Schwan on October 10 constituted a withdrawal. Quasius asserts that the district court abused its discretion by rejecting his late responses without first analyzing under Rule 36(b)

whether withdrawal would promote the presentation of the merits of the action and cause no prejudice to Schwan.

Quasius's argument overstates the meaning of our prior decisions concerning Rule 36. Rule 36(b) states that admitted matters may be withdrawn "on motion," and we have interpreted that phrase generously in prior cases to encompass court filings that were not formal motions. In *Gutting*, for example, we deemed a motion to file answers out of time to have the same effect as a motion to withdraw for purposes of Rule 36(b). *Gutting*, 710 F.2d at 1312-14. We therefore analyzed the filing according to the criteria set forth in Rule 36(b). *Id.*

In *Gutting*, we drew on *Warren v. International Brotherhood of Teamsters*, 544 F.2d 334 (8th Cir. 1976), and *Pleasant Hill Bank*, 60 F.R.D. 1, which employed a similarly generous interpretation of the "on motion" requirement in Rule 36(b). In *Warren*, the defendant's answers to requests for admissions were not timely, but they were filed with the court. *Warren*, 544 F.2d at 338-39. We concluded that this late filing of responses, in conjunction with the defendant's earlier filing of an answer that contained similar denials and a co-defendant's timely response to the same requests, was the functional equivalent of a motion to withdraw admissions under Rule 36(b). *Id.* at 339-40. In *Pleasant Hill Bank*, the district court equated a motion to file answers out of time with a motion to withdraw admissions, just as our court did in *Gutting*. *Pleasant Hill Bank*, 60 F.R.D. at 2-3; *see also Manatt v. Union Pac. R.R.*, 122 F.3d 514, 516-18 (8th Cir. 1997) (affirming district court's grant of permission to withdraw or amend admission, where defendant "filed its answer" beyond the thirty days provided by Rule 36(a), because refusing the answer would not have promoted presentation of the merits and allowing untimely answer did not prejudice defendant); *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987) (holding that a defendant's motion in response to the plaintiff's motion for summary judgment, along with the defendant's recorded responses to requests for admission at pre-trial hearings, "were, in essence, motions to withdraw the admissions"); Ted Finman, *The Request

*for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371, 433 (1962) ("If a litigant is allowed to file a late reply, he in effect is being permitted to withdraw an admission."), *cited in Gutting*, 710 F.2d at 1312. These decisions are best understood as exercising authority to permit withdrawal or amendment of admissions under Rule 36(b), because the party who admitted matters later filed with the court a pleading that was sufficient to constitute a "motion" under a liberal reading of the rule.

In contrast, Quasius made no filing with the district court that might be construed as a motion to withdraw or amend under Rule 36(b), even after the district court specifically directed him to file a motion and granted additional time for that purpose. Without some filing by Quasius aimed at withdrawing his admissions, it was not an abuse of discretion for the district court to consider the admissions in resolving the motion for summary judgment. The parameters for permitting withdrawal of admissions under Rule 36(b) are designed to guide the district court's discretion in evaluating a motion to withdraw. The court is not required to apply them *sua sponte* when a party declines to file the required motion upon invitation from the court.

There is no merit in Quasius's argument that the district court's procedure for deciding the summary judgment motion denied his constitutional right to due process. Quasius received an opportunity to be heard at a meaningful time and in a meaningful manner, *see Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), but simply failed to file a motion to withdraw his admissions after the district court provided ample notice and opportunity to do so. Quasius's admissions effectively deprived him of a decision on the merits, as the district court observed, but "parties to a lawsuit must comply with the rules of procedure" to ensure "the orderly disposition of cases." *Kasuboski*, 834 F.2d at 1350.

Schwan's motion to strike portions of the appendix is denied. The judgment of the district court is affirmed.

_____