CHESS MUSIC, INC., Chappell & Co., Inc., and Pic Corporation, Plaintiffs,

v.

Kenneth L. BOWMAN, Defendant.

Civ. No. 78–0–435.

United States District Court,
D. Nebraska.

June 26, 1979.

John D. Hartigan, Jr., Omaha, Neb., for plaintiffs.

No appearance for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon plaintiffs' motion for summary judgment [Filing # 7]. A brief in support thereof was submitted by the plaintiffs and a hearing was held on June 15, 1979, with only the plaintiffs in attendance.

At the hearing, the Court granted the plaintiffs' motion. The following memorandum will present the basis for the Court's decision.

This is a suit for copyright infringement under 17 U.S.C.A. § 101 *et seq.* (1977). Jurisdiction is based upon 28 U.S.C.A. § 1338(a) (1975).

Prior to the filing of this motion, the plaintiffs filed certain requests for admissions [Filing # 5] which the defendant failed to admit, object to, or deny within thirty (30) days, as required by Rule 36 of the Federal Rules of Civil Procedure. It is well settled that a failure to respond to requests for admission is deemed to be an admission of the matters set forth and may form a proper basis for summary judgment. *Luick v. Graybar Elec. Co., Inc.*, 473 F.2d 1360 (8th Cir. 1973); *Shapiro, Bernstein & Co., Inc. v. Log Cabin Club Ass'n*, 365 F.Supp. 325 (N.D.W.Va.1973); *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663, 666–67 (N.D.Va.1975). Therefore, the plaintiffs have established two prima facie causes of action against the defendant for copyright infringement, and defendant's failure to file responses to the plaintiffs' request for admissions, together with his failure to deny statutory liability, entitle the plaintiffs to summary judgment. Accordingly, the Court makes the following undisputed findings of fact.

With respect to the first cause of action, the Court finds the following: The plaintiff, Chess Music, Inc. [Chess], is the proprietor of the copyright in the musical composition, "Daydreams About Night Things." The defendant, Kenneth C. Bowman, did, at the times hereinafter mentioned and still does, own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as The Lariat Club, located at 109 South Chestnut Street, in Kimball, Nebraska. Musical compositions were and are publicly performed for profit as part of the entertainment regularly provided at said place of business.

Prior to June 13, 1975, John Schweers, a citizen of the United States, created and wrote an original composition entitled "Daydreams About Night Things." Between June 13, 1975, and June 18, 1975, Chess, as proprietor of the composition, complied in all respects with 17 U.S.C. § 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyright of said composition, and received from the Register of Copyrights a certificate of registration, identified as follows: "Class E Ep 339395." Since June 13, 1975, said composition has been printed and published in strict conformity with 17 U.S.C. § 101 *et seq.* At the time of the acts of infringement hereinafter described, Chess was and still is the proprietor of the copyright in said composition.

The defendant, on January 28, 1978, infringed such copyright by giving public performances of such composition on defendant's premises, for the entertainment and amusement of the patrons attending said premises, and, for the purpose of profit, without receiving permission for the performances. Defendant threatens to continue such infringing performances.

With respect to the second cause of action, the Court finds the following: The plaintiffs, Chappell & Co., Inc. [Chappell] and Pic Corporation [Pic], are the proprietors of the copyright in the musical composition "Whole Lot-ta Shakin' Goin' On." Prior to August 10, 1957, David Williams and Sunny David, citizens of the United

States, created and wrote an original musical composition entitled "Whole Lot-ta Shakin' Goin' On." Between August 10, 1957, and February 14, 1958, Marlyn Music Publishers, Inc., as proprietor of the composition, complied in all respects with 17 U.S.C. § 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyright of said composition, and received from the Register of Copyrights a certificate of registration, identified as follows: "Class E Ep 116967." Since August 10, 1957, said composition has been printed and published in strict conformity with 17 U.S.C. § 101 *et seq.* At the times of the acts of infringement, hereinafter described, Chappell and Pic were and still are the proprietors of the copyright in said composition.

On January 28, 1978, the defendant, an owner and operator of a place of business as described earlier in this opinion, infringed such copyright by giving public performances of such composition on defendant's premises, for the entertainment and amusement of the patrons attending said premises and for the purpose of profit, without receiving permission for the performances. The defendant threatens to continue such infringing performances.

The Court further finds that the wrongful acts of the defendant have caused and are causing great injury to the plaintiffs, which damage cannot be accurately ascertained and computed, and unless this Court restrains the defendant from the further commission of said acts, the plaintiffs will suffer irreparable injury, for all of which the plaintiffs are without any adequate remedy at law.

An order in accordance with this memorandum opinion will be filed contemporaneously herewith.