**Alva HERRIN, Jr., Plaintiff,**

v.

**Bob BLACKMAN, Individually, and d/b/a Texas Wholesalers and Herbert Willis, and Ed Cates, Individually and d/b/a Larry Archibald Auto Brokers, or Otherwise Doing Business, Defendants.**

No. C–79–2611.

United States District Court, W. D. Tennessee, W. D.

March 24, 1981.

Gary P. Snyder, Olive Branch, Miss., for plaintiff.

Donnell McCormick, Jr., Memphis, Tenn., for defendants.

ORDER SETTING ASIDE ORDER OF MAGISTRATE

HORTON, District Judge.

Plaintiff filed a motion to compel answers to requests for admissions served upon counsel for the defendant Bob Black-

man, d/b/a Texas Wholesalers. In the alternative plaintiff requested that all of the admissions be deemed admitted. The matter was referred to a Magistrate for resolution. He issued a Memorandum and Order in which he struck the motion to compel a response or to deem the matters admitted and held that under Fed.R.Civ.P. 36(a) the matters were automatically deemed admitted. The defendant, who has now filed his response to the request for admissions has objected to the Magistrate's order. Because this Court finds the order to be contrary to law under 28 U.S.C. § 636(b)(1)(A) (Supp.1980), the court will set aside the order and allow the late filing of the responses to the requests for admissions.

On November 4, 1980, plaintiff filed his request for admissions in regard to the defendant Bob Blackman, individually and d/b/a Texas Wholesalers. Copies of the request were served upon counsel for defendant. On three occasions after that date counsel for defendant forwarded copies of the responses to his client in Texas for his signature and approval and for their ultimate return for filing. Counsel avers that he never received these responses from the U.S. Postal Service. On January 22, 1981, after the filing of the motion to compel by plaintiff, a copy of the response was forwarded by Federal Express to the defendant and returned by the same means. This copy, signed by defendant, was filed of record on January 26, 1981. However, the Magistrate entered his order deeming the matters admitted on January 22, 1981. Throughout the attempts of the defendant to provide counsel with a copy of the response which he had signed, the counsel for defendant kept counsel for plaintiff advised of his difficulties with the mail. By mid-December 1980 counsel for plaintiff had been informed that all requests for admission would be denied even though the formal response had yet to be filed because of the difficulties. Although Fed.R.Civ.P. 36(a) would have allowed the attorney for defendant to file the response with only his signature upon it, he persisted in his attempts to obtain a copy signed by his client. Although counsel for plaintiff knew what the answers to the requests would be, he proceeded to file his motion to compel or deem the requests admitted. And, in the face of the difficulties with the mails, counsel for defendant still did not move this Court for an extension of time in which to answer as provided for in Rule 36(a).

■ This Court observes that the Magistrate was correct in holding that under Rule 36(b) the defendant's failure to file his response to the requests could result in the automatic conclusion that the requests would be deemed admitted. However, in holding that this was the result of the difficulties encountered in obtaining a formal response, the Magistrate erred as a matter of law in not allowing for either an extension of time to file the answers or in not allowing the signed response, when it was to be received by defense counsel, to be filed under the provision for withdrawal or amendment of admissions found in Rule 36(b).

Rule 36(b) notes that:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

The Advisory Committee Comments upon Rule 36(b) observe that, "Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."

■ In *Warren v. International Brotherhood of Teamsters*, 544 F.2d 334 (8th Cir. 1976) the court held that a request to be

allowed to file late answers to requests for admissions is the equivalent of allowance of withdrawal of admissions under Rule 36(b). Therefore the court adopted the test which is applicable to the allowance of a withdrawal or amendment of an admission to a determination whether a party may file a late response to a request for admissions. Thus the applicable test is the one embodied in Rule 36(b)—when the presentation of the merits will be served by the late response and when no prejudice will accrue to the party who had requested the admission. 544 F.2d at 340. *See also, Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) (Under compelling circumstances the court may allow untimely replies to avoid the admission); *accord, French v. U. S.*, 416 F.2d 1149, 1152 (9th Cir. 1968). In *Warren*, the trial judge allowed the filing of late responses to the plaintiffs' requests for admission after the trial had already begun. In the present case, no trial date has been set and therefore no real prejudice can have accrued to the plaintiff in the short time span involved between the Magistrate's order and the defendant's objection to that order. In any event there could be no good faith reliance on the lack of a response to the request for admissions since prior to the filing of the motion to compel, the plaintiff had been informed by counsel for defendant that each admission would be denied. The purpose of Rule 36 is to remove uncontested issues and to prevent delay and therefore when the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing. See, *French, supra* at 1152. It is therefore by the Court

ORDERED that the order of the Magistrate is overruled and the late filing of the responses to plaintiff's request for admissions is accepted under Fed.R.Civ.P. 36(b).