**Brett BEATTY, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 92–1251.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1992.

Decided Jan. 15, 1993.

John F. Moosbrugger, Grand Forks, ND, argued, for plaintiff-appellant.

Norman George Anderson, Fargo, ND, argued (Stephen D. Easton and Norman G. Anderson, on the brief), for defendant-appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.

jurisdiction includes claims that involve joinder or intervention of additional parties.

* The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

BOGUE, Senior District Judge.

Brett Beatty appeals from a district court[1] order granting summary judgment in favor of the United States on Beatty's Federal Tort Claims Act claim against the Air Force. We affirm the judgment.

The facts which underlie Plaintiff's claim are not subject to serious dispute. While lawfully riding a bicycle alongside a highway in North Dakota, Mr. Beatty was struck by a vehicle driven by an off-duty Air Force servicemember, Carl Wilhelm. Mr. Wilhelm was intoxicated at the time. Several months earlier Wilhelm had been involved in another alcohol-related driving incident, which led Air Force officials to suspend his base driving privileges for one year. After seeking (and being denied) administrative relief from Air Force officials, Beatty filed this negligence action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680.

■ Plaintiff raises two principal arguments on appeal. First, he claims the trial court improperly allowed the Defendant to amend a set of Rule 36 admissions which had been deemed admitted for failure to respond timely. Specifically, plaintiff wants to hold the government to an admission that Wilhelm was driving when his vehicle left the base. This would support plaintiff's assertion of negligence, *viz* the gate guards negligently allowed him to drive off notwithstanding the suspension of his base driving privileges.

The trial court allowed defendant to file late responses to the admissions, based on its assessment that no prejudice would inure to plaintiff because of the tardiness. The uncontroverted fact (which plaintiff even concedes at another point in his brief, at page 14) is that Mr. Wilhelm's wife was driving the vehicle when it left the base. Plaintiff is not prejudiced by the fact of the late-filed response to admission; he is prejudiced by the true facts contained in the response. The Advisory Committee Notes to Rule 36(b) emphasize that deemed admis-

sions are to give way to the quest for the truth only in extreme circumstances. No such circumstances exist here. Therefore, it was proper for the trial court to allow defendant to respond.

■ Plaintiff's second argument on appeal is that summary judgment was inappropriate. In addition to general allegations of negligence against the Air Force for not exercising enough control over Mr. Wilhelm or curing his alcoholism, plaintiff alleges that violation of certain regulations[2] establishes defendant's liability as a matter of law. The trial court ruled that even if there had been such a failure on the Air Force's part, plaintiff (even after exhaustive briefing) could offer no evidence to indicate that such a failure to abide by regulations was a proximate cause of his injuries. This Court agrees. While the issue of proximate cause is normally left to the jury rather than decided on summary judgment, there are times where (as here) the lack of proximate cause between a defendant and an injury can lead to only one conclusion. *See, e.g., Bushman v. Halm,* 798 F.2d 651, 657 (3rd Cir.1986); *Gans v. Mundy,* 762 F.2d 338, 341 (3rd Cir.), *cert. denied,* 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985).

■ As to plaintiff's general allegations of negligence on the part of gate guards and alcohol rehabilitation personnel, FTCA liability cannot attach unless the servicemember's negligence occurred while he was acting within the scope of his employment. *See Piper v. United States,* 887 F.2d 861, 863 (8th Cir.1989). This Court made clear in *Bissell v. McElligott,* 369 F.2d 115 (8th Cir.1966), *cert. denied,* 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1967) that the close relationship of the military to its employees "does not expand the legal doctrine of respondeat superior beyond scope of employment as applied in the applicable state law for determining the liability of a private employer." *Id.* at 117–

---

1. The Honorable Paul Benson, Senior Judge, United States District Court, District of North Dakota.

2. 32 C.F.R. § 62b.4 (1985); A.F.R. 125–14 (1985).

**910**

18. Plaintiff adduces nothing except a bare allegation in his complaint to indicate that Mr. Wilhelm was working at the time of the accident.

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the prevailing party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing a district court's order granting summary judgment, this Court views the evidence in a light most favorable to the party against whom judgment was granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–1357, 89 L.Ed.2d 538 (1986). Here there are no disputed material facts, the legal issues are clear, and the trial court correctly ruled that proximate cause cannot possibly be established.

We affirm the entry of summary judgment.