WHITE CONSOLIDATED INDUSTRIES, INC. and Husqvarna Aktiebolag, Plaintiffs,

v.

Kelly J. WATERHOUSE, d/b/a Kelly J's New Home Sewing Center, Defendant.

Civ. A. No. 5–94–39.

United States District Court, D. Minnesota, Fifth Division.

Sept. 9, 1994.

---

Stephen R. Baird, Minneapolis, MN, for plaintiffs.

Thomas R. Thibodeau, Alok Vidyarthi, Keith M. Brownell, Duluth, MN, for defendant.

## ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiffs' Motions to Compel Discovery, to Deem Rule 36 Requests Admitted, and for Leave to File an Amended Complaint, together with the Defendant's Motion to Modify our Pretrial Scheduling Order of June 24, 1994.

A Hearing on these Motions was held on September 1, 1994, at which time the Plaintiffs appeared by Stephen R. Baird, Esq., and the Defendant appeared by Thomas R. Thibodeau and Alok Vidyarthi, Esqs.

For reasons which follow, the Plaintiffs' Motions will be granted in part and denied in part, and the Defendant's Motion will be granted.

## II. *Factual and Procedural Background*

This action was commenced on March 30, 1994, and challenges certain advertising that the Defendant has undertaken in the conduct of her retail sewing machine business. The Plaintiffs contend that the Defendant's advertising infringes upon their protected trademarks and is otherwise in violation of the Lanham Act, *Title 15 U.S.C. § 1051, et seq.*, the Minnesota Deceptive Trade Practices Act, and the *common law of unfair* competition. The Defendant denies these contentions.

On April 22, 1994, when the Defendant filed her Answer, she was represented by Keith M. Brownell, Esq., who also represented her interests at a Rule 16 Pretrial Conference that was held on June 17, 1994. Following that Conference, we issued a Scheduling Order on June 24, 1994, which, as relevant here, established a discovery deadline of September 1, 1994.[1]

On June 30, 1994, prior to the conduct of any discovery by any of the parties, the Defendant retained her current counsel to succeed Mr. Brownell, as memorialized in a Notice of Substitution dated July 5, 1994.[2]

Also, on June 30, 1994, the Plaintiffs served their First Set of Interrogatories and, on July 5, 1994, their First Set of Requests for Admissions. The discovery requests were furnished to both the Defendant's former and her current counsel. Pursuant to Rules 33(b)(3) and 36(a), Federal Rules of Civil Procedure, the Defendant was obliged to respond to these Interrogatories by no later than August 2, 1994, and to the Request for Admissions by no later than August 8, 1994. Timely discovery responses were not served, however. Upon the "prodding" of Plaintiffs' counsel, the Defendant's responses to the Interrogatories were served on August 15, 1994, and her responses to the Requests for Admissions on August 17, 1994.

As of this date, we are advised that the parties have completed their voluntary disclosures pursuant to Rule 26(a), that they have mutually executed a confidentiality agreement, and that the Defendant has served written discovery requests, to which responses are due on or about September 15, 1994. Notwithstanding these discovery efforts, according to the terms of this Court's Scheduling Order, the period allotted for the conduct of discovery has expired.

With this factual preface, we address the Motions of the parties.

### III. *Discussion*

#### A. The Plaintiff's Motion to Compel Discovery.

■ Spurning the discovery conference mandated by Local Rule 37.1, the parties sought to itemize their discovery differences during the course of oral argument. Having concluded that an efficient use of the Court's resources is not furthered by its premature intervention in discovery disputes, the Court committed the parties to a Conference intended to narrow if not eliminate their discovery differences. According to the report of the parties, at the close of their Conference, an amicable resolution of their differences was accomplished. Accordingly, the Plaintiffs' Motion to Compel is denied as moot, but without prejudice to their seeking an enforcement of the terms of the parties' accord if discovery difficulties should persist.[3]

#### B. The Plaintiff's Motion to Deem Factual Matters Admitted.

1. *Standard of Review.* Rule 36(a), Federal Rules of Civil Procedure, provides, in pertinent part, as follows:

---

1. The Plaintiffs maintain that, because of their concern over the prospect of continuing violations by the Defendant, they elected to proceed with an accelerated Pretrial Schedule rather than to seek a Preliminary Injunction or Temporary Restraining Order. Of course, the prospect of expedited discovery need not be at the expense of the Plaintiffs' right to secure injunctive relief and, we note, no such relief has been pursued.

2. Without explanation in the record before us, the Notice of Substitution was not filed with the Court until August 18, 1994.

3. Needless to say, we strongly commend adherence to the letter and spirit of Local Rule 37.1 to counsel for the parties in their continuing appearances in the Federal Courts of this District.

A party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * The matter is admitted unless, within 30 days after service of the request, or within such longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Upon a strict reading of this Rule, the Plaintiffs urge the Court to deem all requested matters admitted, as a result of the Defendant's failure to timely comply with the 30-day response requirement. We find such a constrained interpretation of the Rule inappropriate, given the circumstances of this case.

■ As should be clear from a plain reading of the Rule, admissions which do not receive a timely response may be deemed admitted upon a Motion before the Court. See, *Luick v. Graybar Electric Co., Inc.*, 473 F.2d 1360, 1361–62 (8th Cir.1973); *Chess Music, Inc. v. Bowman*, 474 F.Supp. 184, 185 (D.Neb.1979). Nevertheless, the Court "in its discretion, may permit the filing of an answer that would otherwise be untimely." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir.1983); see also, *Flohr v. Pennsylvania Power & Light Co.*, 821 F.Supp. 301, 306 (E.D.Pa.1993). Therefore, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Gutting v. Falstaff Brewing Corp.*, supra at 1312. "It does

not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed." *Hadra v. Herman Blum Consulting Engineers*, 74 F.R.D. 113, 114 (N.D.Tex.1977).[4]

In the *Gutting* case, the Court found that the underlying rationale, for a less than draconian enforcement of Rule 36, was the express allowance in the Rule that a Court could permit a period longer than 30 days to respond, as well as the following language of Rule 36(b):

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained that admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

As stated in *Gutting*, "a late response [is] equivalent to a withdrawal of an admission." *Id.* at 1313; see also, *Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 3 (W.D.Mo.1973).

■ Therefore, the test for allowing a withdrawal of admissions rests upon any prejudice to the requesting party, and any disservice to the presentation of the truth at trial, if the requests are deemed admitted. The same criteria are applicable in determining the allowability of late responses to requests for admissions. *Gutting v. Falstaff Brewing Corp.*, supra at 1313; *Smith v. First National Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir.1988), cert. denied, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988) (Rule 36(b) test "properly applied"); *Herrin*

---

**4.** Although the cases, upon which the Plaintiffs rely, do appear to approve of a strict application of the Rule—even so far as permitting the entry of Summary Judgment on matters deemed admitted—those cases are, universally, in response to a complete failure to respond, and do not address a mere late filing. See, *Karras v. Karras*, 16 F.3d 245, 247 (8th Cir.1994); *Luick v. Graybar Electric Co., Inc.*, 473 F.2d 1360, 1361 (8th Cir.1973); *Chicago, Rock Island and Pacific Rail-*

*road Co. v. Williams*, 245 F.2d 397, 404 (8th Cir.1957), cert. denied, 355 U.S. 855, 78 S.Ct. 83, 2 L.Ed.2d 63 (1957); *In re Adelman*, 90 B.R. 1012, 1015 (Bkrtcy.D.S.D.1988); *Chess Music, Inc. v. Bowman*, 474 F.Supp. 184, 185 (D.Neb. 1979). Given the starkly different standards of review, that the Courts have applied when faced with a mere lateness of response, rather than a failure to respond, we adhere to the former standard, in view of the circumstances before us.

*v. Blackman,* 89 F.R.D. 622, 624 (W.D.Tenn. 1981). In short, "the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Flohr v. Pennsylvania Power & Light Co.,* supra, at 306.

██ 2. *Legal Analysis.* Applying these standards, we find neither prejudice to the Plaintiffs nor the search for the truth would be promoted by an Order which precludes the Defendant from relying upon the responses she has proffered to the Plaintiffs' Requests for Admissions. Indeed, the Plaintiffs do not seriously argue prejudice [5] and the prospect of deeming controverted facts or issues as having been admitted seems, somewhat self-evidently, to be anathema to the ascertainment of the truth, at least given the circumstances which confront us. Surely, in an appropriate case, a total failure to respond to such requests will prejudice the requesting party at trial, but that is not the situation in which the Plaintiffs find themselves. By and large, the Defendant's responses mirror the averments of her Answer, and the Plaintiffs may not be heard to say, at least at this juncture that the Defendant's responses were so astounding as to require last minute changes in trial strategies. In short, we will not subvert the search for the truth without compellingly evident cause, merely to further rigid compliance with a procedural precept.

Lastly, we would note that the "purpose of Rule 36 is to remove uncontested issues and to prevent delay and therefore when the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing." *Herrin v.*

*Blackman,* supra at 624. Accordingly, the Plaintiffs' Motion will be denied.

### C. *The Plaintiffs' Motion for Leave to Amend.*

The Plaintiffs seek leave to amend their Complaint in order to add the Defendant's husband, Ronald Waterhouse ("Waterhouse"), as an additional party Defendant. The Plaintiffs maintain that Waterhouse is a partner in the business that is engaged in the offending advertising and, as such, should be named in order to assure the presence of all necessary parties. The Defendant opposes the Motion on her averment that her business is a sole proprietorship.

1. *Standard of Review.* Where, as here, the parties have exchanged their initial round of pleadings, Rule 15(a), Federal Rules of Civil Procedure, describes the appropriate procedure for amending a pleading as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In construing this provision, the United States Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

---

**5.** We would note in passing that, to establish prejudice, the party who made the admission must show some sort of reliance upon the matters which were deemed admitted, which is detrimental to the prosecution of its claim at trial. In other words:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key wit-

nesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Smith v. First National Bank of Atlanta,* supra, at 1578, quoting *Brook Village North Assoc. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982). See also, *Federal Deposit Insurance Corp. v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994); *Davis v. Noufal,* 142 F.R.D. 258, 259 (D.D.C.1992) (detrimental reliance upon requested admissions necessary to show prejudice under Rule 36(b)).

**434**

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); see also, *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989).

In considering the propriety of an amendment to a pleading, the policy of the Federal Courts, as exhorted by the Federal Rules, is to "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits," and to avoid an approach which would relegate the process to "a game of skill in which one misstep by counsel [might] be decisive to the outcome." *Foman v. Davis,* supra, 371 U.S. at 181–82, 83 S.Ct. at 230, quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

■ Nevertheless, the right to amend the pleadings is not absolute. *Thompson–El v. Jones,* supra at 67. "When a considerable amount of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice and further delay, courts require the movant to provide some valid reason for the belatedness of the motion." *Id.,* citing *Mills v. Des Arc Convalescent Home,* 872 F.2d 823, 825–26 (8th Cir.1989).

■ Where a party opposes an amendment on the ground of futility, the standard applied is the same as that invoked in a Motion to Dismiss. See, *Humphreys v. Roche Biomedical Laboratories, Inc.,* 990 F.2d 1078, 1082 (8th Cir.1993); *Weimer v. Amen,* 870 F.2d 1400, 1407 (8th Cir.1989); *Holloway v. Dobbs,* 715 F.2d 390, 392–93 (8th Cir.1983); *Norbeck v. Davenport Community School Dist.,* 545 F.2d 63 (8th Cir.1976), cert. den., 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); *Jeffers v. Convoy Co.,* 650 F.Supp. 315, 317 (D.Minn.1986); *Collyard v. Washington Capitals,* 477 F.Supp. 1247, 1249 (D.Minn.1979); but, cf., *Karl's Inc. v. Sunrise Computers, Inc.,* 901 F.2d 657, 660 (8th Cir.1990) ("colorable showing" sufficient to withstand application of clearly frivolous

rule); *Medtronic, Inc. v. Catalyst Research Corp.,* 518 F.Supp. 946, 955 (D.Minn.1981), aff'd. on other grounds, 664 F.2d 660 (8th Cir.1981) (applies undefined "clearly frivolous standard" in distinction to standard normally applied to a motion to dismiss).

■ In the final analysis, the granting of a Motion to amend the pleadings is vested in the sound discretion of the Trial Court. *Ryan v. Sargent,* 969 F.2d 638, 641 (8th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 1000, 122 L.Ed.2d 150 (1993); *Thompson–El v. Jones,* supra at 67, citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

■ 2. *Legal Analysis.* In seeking leave to amend, the Plaintiffs rely upon the deposition testimony of the Defendant, in a related State Court action, which memorializes her opinion that Waterhouse and she are "co-owners" and "partners in the business" here being sued. *Plaintiffs' Exhibit I,* Defendant's Deposition at 65, 67. The Defendant denies the accuracy of that testimony and argues that the business is a sole proprietorship and, therefore, the amendment would be futile.

■ We cannot conclude, on the basis of the Record before us, that the Plaintiffs will be unable, as a matter of law, to establish a viable claim for trademark infringement against Waterhouse, as a partner who would be individually responsible for the liabilities of the partnership.[6] We recognize that, after further discovery, it may be uncontroverted that Waterhouse has no partnership interest in the business in question, but we leave such a fact-driven determination to a latter day. We merely conclude that, at this stage in the proceedings, the Plaintiffs' impressions, as to Waterhouse's implication in the offending advertisements, are sufficiently substantiated as to preclude the entry of a dismissal as a matter of law.[7] Therefore, the Plaintiffs'

6. See, *Minn.Stat. § 323.14* ("all partners are liable * * * jointly for all * * * debts and obligations of the partnership"); *Brunsoman v. Seltz,* 414 N.W.2d 547, 549 (Minn.Ct.App.1987) (review denied, January 15, 1988) (same).

7. By Affidavit, the Defendant avers that no partnership agreement has been filed with the State of Minnesota, and that her husband is not a partner in the enterprise. Even assuming the truth of this averment, a finding of a partnership would not, necessarily, be precluded. Under Minnesota common law, whether a legally bind-

Motion to Amend will be granted, and the Plaintiffs are directed, forthwith, to serve and file an Amended Complaint, limited solely to the joinder of Waterhouse as a party-Defendant.

### D. *The Defendant's Motion to Amend the Pretrial Order.*

We believe good cause exists for a modest extension in the discovery deadline and, given the absence of opposition, we believe that an extension until November 15, 1994, will accommodate the discovery needs of the parties without appreciably delaying the ultimate disposition of this action. We understand that the parties are contemplating an extensive list of depositions to take. Given what we know of the issues to be litigated, we think a proscription on the number of depositions will assist the parties in complying with the newly established discovery deadline and without fettering appropriate pretrial preparation. Therefore, absent leave of the Court, each party is limited to the taking of five depositions apiece.

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendant's Motion to Modify Pretrial Order [Docket No. 6] is GRANTED, and an Amended Pretrial Order shall issue forthwith.

2. That the Plaintiffs' Motion to Compel Discovery [Docket No. 11] is DENIED, as moot.

3. That the Plaintiffs' Motion to Deem Rule 36 Requests Admitted [Docket No. 11] is DENIED.

4. That the Plaintiffs' Motion to Permit Amendment to Complaint [Docket No. 11] is GRANTED, and the Plaintiffs are directed, forthwith, to serve and file an Amended

Complaint limited solely to the joinder of Ronald Waterhouse as a party-Defendant.

ing partnership has been formed is a question of fact which can be inferred from the partners' actions. *Georgens v. Federal Deposit Insurance Corp.,* 406 N.W.2d 95, 97 (Minn.Ct.App.1987). We are aware of no requirement that, in order to verify its formation, a partnership agreement must be filed with the State of Minnesota. See, *Minnesota Statutes Section 323.06* ("receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business"); cf., *Minnesota Statutes Section 322A.11* (certificate of limited partnership required).