AMERICAN PETRO, INC., Plaintiff,

v.

Edward C. SHURTLEFF, Utopia Fabricating, Ltd., and Sussex Manufacturing, Ltd., a subsidiary of Utopia Fabricating, Ltd., Defendants.

Civ. No. 5-94-69.

United States District Court,
D. Minnesota,
Fifth Division.

Nov. 22, 1994.

Terry C. Hallenbeck, Brown Andrew Hallenbeck Signorelli & Zallar, Duluth, MN, for plaintiff.

Kevin D. Conneely, Robins Kaplan Miller & Ciresi, Minneapolis, MN, for defendants Edward C. Shurtleff and Utopia Fabricating, Inc. and Sussex Mfg., Ltd.

**ORDER**

ERICKSON, United States Magistrate Judge.

**I. *Introduction***

This matter came before the undersigned United States Magistrate Judge pursuant to

a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiff's Motions to compel discovery [1] and to modify the Pretrial Scheduling Order of August 31, 1994, in order to extend the deadlines for discovery and for the disclosure of expert opinions.[2] In addition, the Court has before it the Defendants' Motion for an Order deeming their Responses to the Plaintiff's Requests for Admissions to be timely.

A Hearing on the Motions was conducted on November 10, 1994, at which time the Plaintiff appeared by Terry Hallenbeck, Esq., and the Defendants appeared by Kevin Conneely, Esq.

For reasons which follow, we grant the Defendants' Motion for an Order that deems their Responses to the Plaintiff's Requests for Admissions as timely, which is the only Motion that was not fully resolved at the close of the Hearing in this matter.

## II. *Factual and Procedural Background*

On September 23, 1994, the Plaintiff served Requests for Admissions upon each of the Defendants. As required by Rule 36, Federal Rules of Civil Procedure, the Defendants' Responses to those Requests were due on or about October 26, 1994. Apparently as a result of an error in calculation, the Defendants responded to these Requests on October 28, 1994—two days after the Responses were due. In an effort to notify the Plaintiff of his inadvertence, counsel for the Defendants telephoned the Plaintiff's counsel but, upon the instruction of his client, counsel for the Plaintiff was unable to accept the service of those Responses as timely. As a consequence, the Defendants have filed their Motion which seeks an Order that either recognizes their Responses as timely, or permits the withdrawal of any Admissions, which were previously deemed to have been made,

and the substitution of the Defendants' Responses.

## III. *Discussion*

A. *Standard of Review.* In pertinent part, Rule 36(a), Federal Rules of Civil Procedure, provides as follows:

> A party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Upon its strict reading of this Rule, the Plaintiff urges the Court to deem all requested matters admitted, as a result of the Defendants' failure to timely comply with the 30–day response requirement. We find such a constrained interpretation of the Rule inappropriate, in view of the circumstances of this case.

 As should be clear from a plain reading of the Rule, admissions which do not receive a timely response may be deemed admitted upon a Motion to the Court. See, *Luick v. Graybar Electric Co., Inc.,* 473 F.2d 1360, 1361–62 (8th Cir.1973); *Chess Music, Inc. v. Bowman,* 474 F.Supp. 184, 185 (D.Neb.1979). Nevertheless, the Court "in

---

1. The Plaintiff's Motion to Compel was not accompanied by any verification that the parties had conferred, pursuant to Local Rule 37.1, in order to resolve their differences. Accordingly, the Court committed the parties to the Conference mechanism and, at the close of their discussions, the Court was advised that the discovery dispute, which was the focus of the Motion to Compel, had been amicably resolved. Accordingly, the Plaintiff's Motion is denied as moot, but without prejudice to the renewal of that

Motion should an enforcement of the parties' resolution be required. For the same reasons, we also deny the Plaintiff's tandem Motion for Attorneys' Fees.

2. The Court is satisfied that a modest extension in the requested deadlines is warranted and, by a separate Scheduling Order, the Court will extend the pertinent deadlines as appropriate.

its discretion, may permit the filing of an answer that would otherwise be untimely." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir.1983); see also, *Flohr v. Pennsylvania Power & Light Co.*, 821 F.Supp. 301, 306 (E.D.Pa.1993). Therefore, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Gutting v. Falstaff Brewing Corp.*, supra at 1312. As a general proposition, "[i]t does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed." *Hadra v. Herman Blum Consulting Engineers*, 74 F.R.D. 113, 114 (N.D.Tex.1977).

Recently, our Court of Appeals has dealt with the issue of the withdrawal or the amendment of an Admission, finding that the underlying rationale—for a less than draconian enforcement of Rule 36—was aptly expressed by allowing the Court to grant a period in excess of 30 days in which to respond to requested Admissions, or to permit the withdrawal and amendment of prior Admissions. *F.D.I.C. v. Prusia*, 18 F.3d 637, 641 (8th Cir.1994). In this latter respect, Rule 36(b) states as follows:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained that admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

*Rule 36(b), Federal Rules of Civil Procedure.* In *Prusia*, the Court reversed a District Court's denial of a request to withdraw[3] or amend an Admission, and applied the two-pronged test of Rule 36(b), which directs the Court "to consider the effect upon the litigation and prejudice to the resisting party, * * * rather than focusing on the moving party's excuses for an erroneous admission." *F.D.I.C. v. Prusia*, supra at 640, citing *Mid Valley Bank v. North Valley Bank*, 764 F.Supp. 1377, 391 (E.D.Cal.1991).

■ Therefore, the test for allowing a withdrawal of admissions is dependent upon the prejudice to the requesting party, and any disservice to the presentation of the truth at trial, if the requests are deemed admitted. The same criteria are applicable in determining the allowability of late responses to Requests for Admissions. *Beatty v. United States*, 983 F.2d 908, 909 (8th Cir.1993); *Gutting v. Falstaff Brewing Corp.*, supra at 1313; *Smith v. First National Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988), cert. denied, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988) (Rule 36(b) test "properly applied"); *Herrin v. Blackman*, 89 F.R.D. 622, 624 (W.D.Tenn.1981).

In short, "the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Flohr v. Pennsylvania Power & Light Co.*, supra at 306. By permitting withdrawals and amendments to Admissions, the Rule "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Advisory Committee Notes to Rule 36(b) (1970)*; and see also, *Beatty v. United States*, supra at 909.

■ B. *Legal Analysis.* Applying these precepts, we find that an Order, which recognizes the timeliness of the Defendants' responses, will not serve to prejudice the Plaintiff in any respect, but will promote the search for truth at the trial of this matter. Indeed, the Plaintiff does not seriously argue prejudice[4] and the prospect of deeming con-

---

**3.** In practical effect, the Courts consider "a late response [as being] equivalent to a withdrawal of an admission." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1313 (8th Cir.1983), citing *Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 3 (W.D.Mo.1973).

**4.** We would note in passing that, to establish prejudice, the party who obtained the admission must show some sort of reliance upon the matters which were deemed admitted, which is detrimental to the prosecution of its claim at trial. In other words:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case,

troverted facts or issues to be admitted seems, somewhat self-evidently, to be anathema to the ascertainment of the truth, at least given the circumstances which confront us here. Undoubtedly, in an appropriate case, a total failure to respond to such requests will prejudice the requesting party at trial, but that is not the situation in which the Plaintiff finds itself. By and large, the Defendants' responses mirror the averments of their Answer and, therefore, the Plaintiff may not legitimately argue, at least at this juncture, that the Defendants' responses were so astounding as to require a host of last minute modifications to its trial strategies. Under these circumstances, we will not subvert the search for the truth, without compellingly evident cause, merely to further a rigid compliance with a procedural Rule.

Lastly, we would note that the "purpose of Rule 36 is to remove uncontested issues and to prevent delay and therefore when the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing." *Herrin v. Blackman,* supra at 624. Accordingly, we grant the Defendants' request that their responses to the Plaintiff's Request for Admissions be accepted as timely.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiff's Motion to Compel Discovery and for Expenses and Sanctions [Docket No. 11] is DENIED, as moot.

2. That the Plaintiff's Motion [Docket No. 11] to modify the Pretrial Order is GRANTED, and a separate Scheduling Order, which will memorialize the modifications in the Court's prior Scheduling Order, shall issue.

3. That the Defendants' Motion to accept, as timely, their Responses to the Plaintiff's

Requests for Admissions [Docket No. 17] is GRANTED.

e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.
*Smith v. First National Bank of Atlanta,* supra at 1578, quoting *Brook Village North Assoc. v. Gen-*
*eral Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982); see also, *Federal Deposit Insurance Corp. v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994); *Davis v. Noufal,* 142 F.R.D. 258, 259 (D.D.C.1992) (detrimental reliance upon requested admissions necessary to show prejudice under Rule 36(b)).