299 F.Supp.2d 939 (2003)
ESSEX INSURANCE COMPANY, Plaintiff,
v.
John MCMANUS d/b/a Jay Hydraulics & Electric Co, et al., Defendants.
No. 4:01-CV-1777 CAS.
United States District Court, E.D. Missouri, Eastern Division.
August 19, 2003.
Robert W. Cockerham, Brown and James, P.C., Ryan J. Gavin, Greensfelder and Hemker, St. Louis, MO, for Plaintiff.
John McManus, St. Louis, MO, Pro se.
Karl W. Dickhaus, Dickhaus and Associates, LC, Joseph B. Moore, Office of U.S. Attorney, St. Louis, MO, LaQuita Taylor-Phillips, U.S. Department of Justice, Office of Special Litigation, Tax Div., Washington, DC, Edward J. Hanlon, St. Louis City Counselor, Stephen H. Gilmore, St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
SHAW, District Judge.
This interpleader action is before the Court on the government's unopposed motion for summary judgment. The Court will grant the motion for the reasons set forth below.

I. BACKGROUND
Essex Insurance Company ("Essex") filed this interpleader action naming the *940 Internal Revenue Service ("IRS"), John McManus d/b/a Jay Hydraulics & Electric Co. ("McManus"), Adjusters Incorporated for the People d/b/a Adjusters, Inc. ("Adjusters"), and the City of St. Louis as claimants to funds in the amount of $85,000. This Court dismissed Essex and the City of St. Louis from the action because they do not claim an interest in the funds.
The IRS now moves for summary judgment, asserting the undisputed material facts show that as a matter of law: (1) the United States' request for admissions served on McManus are deemed admitted and can be used to support this motion; (2) the United States has tax liens on the entire $85,000 by virtue of McManus's federal tax liability; and (3) the United States' interest in the $85,000 is prior to any interest claimed by Adjusters. In support of its motion, the IRS submitted its request for admissions; correspondence; a United States Tax Court decision; an IRS assessment as to taxes, penalties, and accrued interest against McManus; an IRS Notice of Federal Tax Lien with the St. Louis, Missouri Recorder of Deeds Office; and Essex's policy of property insurance (policy no. IAH4335) ("the policy") to John McManus dba: Jay Hydraulics & Electric Company.
On March 5, 2003, the United States served, among other things, a request for admissions on McManus. (Ex. A.) The answers to the request for admissions were due to be served on April 7, 2003. McManus failed to answer by that date. On May 5, 2003, counsel for the United States sent a letter by facsimile and first class mail to attorney Karl Dickhaus, counsel for McManus, inquiring about the answers. (Ex. B.) On May 6, 2003, an individual from attorney Dickhaus's office telephoned counsel for the United States and stated that only the cover sheet with the letter was received. (Id.) That same day, counsel for the United States re-sent the letter by facsimile to attorney Dickhaus. McManus failed to respond to the letter or the request for admissions.
On May 13, 2003, counsel for the United States sent another letter to Dickhaus inquiring about McManus's answers. (Ex. C.) On that same day, counsel for the United States's litigation assistant spoke with Dickhaus's office and confirmed that he had received the letter. McManus has yet to respond to the letter or the request for admissions.
Pursuant to an agreement, on November 20, 1995, the United States Tax Court issued a decision stating that McManus owes: (1) income tax in the amount of $6,351 and $17,712 for the 1990 and 1991 years, respectively; (2) additions to tax under 26 U.S.C. § 6651(a)(1) in the amount of $1,588 and $4,428 for the 1990 and 1991 years, respectively; and (3) additions to tax under 26 U.S.C. § 6654 in the amounts of $421 and $1,019 for the 1990 and 1991 years, respectively. (Ex. D; Request for Admission Nos. 1 through 3.)
On February 12, 1996, the IRS assessed those taxes, penalties, and accrued interest against McManus. (Exs. E and F.) On November 19, 1997, the IRS filed a Notice of Federal Tax Lien with the St. Louis, Missouri, Recorder of Deeds Office. (Ex. G.) As of November 5, 2000, McManus owes taxes totaling $85,762.35, plus statutory interest and additions that continue to accrue. (Exs. E and F; Request for Admission No. 4.)
At the time the IRS made the assessments against McManus for the 1990 and 1991 years, he was the sole owner of a business operating as John McManus d/b/a Jay Hydraulics & Electric Co. (Request *941 for Admission No. 6.[1]) Essex issued a policy of property insurance (policy no. IAH4335) ("the policy") to "John McManus dba: Jay Hydraulics & Electric Company." (Ex. H; Request for Admission No. 5(b)). McManus is the sole owner of the policy. (Request for Admission No. 5(d)). The policy covered loss or damage to property at 1434 North Broadway Street, St. Louis, Missouri. (Ex. H; Request for Admission No. 5(a); Interpleader Compl. at ¶ 8; John McManus d/b/a Jay Hydraulics & Electric Co. First Amended Answer and Claim at ¶ 8.)
On or about November 12, 1997, the property at 1434 North Broadway was destroyed by fire. (Interpleader Complaint at ¶ 9; McManus' Answer at ¶ 9.) McManus made a claim of loss under the policy with Essex. (Request for Admission No. 8.) McManus signed an agreement permitting Adjusters to provide him public adjusting services with respect to the claim of loss under the policy. (Interpleader Complaint at ¶ 31 and attached Ex. C; Adjusters Answer at ¶ 12; Request for Admission No. 9.)
Essex agreed to pay $85,000 for the claim of loss under the policy. (Interpleader Complaint at ¶ 11, 14; McManus' Answer at ¶ 11.) Essex filed this interpleader action involving the $85,000 funds, depositing those funds into the Court's registry. McManus is the sole owner of the $85,000 payment for the claim of loss under the policy. (Request for Admission No. 5(e).)

II. DISCUSSION
The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir.2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063, 120 S.Ct. 618, 145 L.Ed.2d 512 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, *942 Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir.1993).
In accordance with Fed.R.Civ.P. 36(a), "unanswered requests for admissions render the matter requested conclusively established for the purpose of that suit." Luick v. Graybar Elec. Co., 473 F.2d 1360, 1362 (8th Cir.1973). Moreover, "a summary judgment may be based on admitted matter." Id.; see also United States v. Brown, 31 F.R.D. 185, (W.D.Mo.1962) ("Defendants have failed to reply to the Request for Admissions .... Under Rule 36 such requested admissions must be treated as true .... Being true, the pleadings and admissions on file show that there is no genuine issue as to any material fact"); Chess Music, Inc. v. Bowman, 474 F.Supp. 184, 185 (D.Neb.1979) ("It is well settled that a failure to respond to requests for admission is deemed to be an admission of the matters set forth and may form a proper basis for summary judgment"). Here, defendant John McManus d/b/a Jay Hydraulics & Electric Co. failed to answer the United States' requests for admission. Consequently, the admissions are deemed admitted, and the United States may rely on them in support of its motion for summary judgment.
Title 26 U.S.C. § 6321 places a lien upon all property or rights to property belonging to a liable taxpayer.[2] This lien arises upon assessment and continues until the taxpayer's liability is satisfied or becomes unenforceable. 26 U.S.C. § 6322; United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985); Bremen Bank & Trust Co. v. United States, 131 F.3d 1259, 1263 (8th Cir.1997). The IRS's Certified Transcript of tax assessments and payments are sufficient evidence that a valid assessment has been made. United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993); see also United States v. Tracy, No. 99-0158-CV-W-SOW, 2000 WL 1358725, at *3 (W.D.Mo. July 20, 2000) ("For purposes of a motion for summary judgment, Certificates of Assessments and Payments are sufficient evidence that assessments were made in accordance with the statutory and regulatory requirements") (citation omitted).
On February 12, 1996, federal income taxes were assessed against McManus for the 1990 and 1991 years. In accordance with §§ 6321 and 6322, federal tax liens arose on the dates of assessments and attached to all property and rights to property belonging to McManus, including the $85,000 to be paid under the policy. Therefore, by virtue of the tax liens, the United States has an interest in the $85,000 to the extent of McManus's federal tax liability. Because McManus's federal tax liability exceeds $85,000, the United States has an interest in the entire $85,000.
A federal tax lien is prior to any claim of interest in a taxpayer's property unless the claimant is a purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor and the interest was obtained before the filing of a notice of federal tax lien. 26 U.S.C. § 6323(a). For purposes of § 6323(a), an interest as a purchaser, holder of a security interest, mechanic's *943 lienor, or judgment lien creditor does not exist if the interest was not properly perfected under state law. 26 U.S.C. § 6323(h); United States v. McDermott, 507 U.S. 447, 449-50, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993) ("Priority for purposes of federal law is governed by the common-law principle that `the first in time is the first in right.' ... Our cases deem a competing state lien to be in existence for "first in time" purposes only when it has been perfected in the sense that "the identity of the lienor, the property subject to the lien, and the amount of the lien are established") (citations omitted).
Adjusters claims an interest in the $85,000 as a result of an agreement, executed on November 12, 1997, between it and McManus involving public adjusting services with respect to a claim of loss under the policy. In accordance with § 6323(a), the United States' tax lien is prior to any interest Adjusters claims in the $85,000 unless Adjusters has properly perfected an interest as a purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor with respect to those funds and that interest was obtained prior to the filing of a notice of federal tax lien. Because the agreement was executed on November 12, 1997 and the notice of federal tax lien with respect to McManus's 1990 and 1991 tax years was filed on November 19, 1997, it appears that Adjusters obtained an interest in the $85,000 before the notice of tax lien was filed. However, Adjusters has not put forth any evidence that as a result of the agreement, it is a purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor with respect to the $85,000 and that it properly perfected that interest. Therefore, Adjusters cannot invoke the protection of § 6323(a) and its claim of interest in the $85,000 is not prior to the United States.

III. CONCLUSION
The United States has shown that it has an interest in the entire $85,000 and that its interest is prior to Adjusters. Consequently, the United States is entitled to summary judgment.
Accordingly,
IT IS HEREBY ORDERED that the United States's motion for summary judgment is GRANTED. (Doc. 72)
IT IS FURTHER ORDERED that the $85,000 at issue in this case be distributed to the United States with a check made payable to the United States Treasury.
A separate judgment will accompany this memorandum and order.

JUDGMENT
In accordance with the memorandum and order of this date and incorporated herein,
IT IS HEREBY ORDERED that the United States's motion for summary judgment is granted.
IT IS FURTHER HEREBY ORDERED, ADJUDGED and DECREED that judgment be entered in favor of the United States and against John McManus d/b/s Jay Hydraulics & Electric Company and Adjusters Incorporated for the People.
NOTES
[1] See also Interpleader Compl. at ¶ 2 (stating that John McManus did business in the City of St. Louis under the name of Jay Hydraulics & Electric Company).
[2] 26 U.S.C. Section 6321 provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.